UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VENTURES TRUST 2013 I-H-R BY MCM CAPITAL PARTNERS, LLC, ITS TRUSTEE,<br><br>        Plaintiff,<br>v.<br><br>MANUEL A. PINTO, MRS. MANUEL PINTO, AIDA C. PINTO, MR. AIDA PINTO,<br><br>        Defendants. | Civil Action No.<br><br>16-6232 (SDW) (LDW) |
| MANUEL A. PINTO and AIDA C. PINTO,<br><br>        Plaintiffs,<br>v.<br><br>VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS LLC, BOA OF AMERICA, N.A., BAC HOME LOAN SERVICING, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AMERICAN FIDELITY MORTGAGE, COUNTRYWIDE HOME LOANS, INC., DOE INSURANCE COMPANY, and DOES 1-50,<br><br>        Defendants. | 16-7647 (SDW) (SCM)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

      These consolidated actions arise out of a mortgage foreclosure proceeding in the Superior Court of New Jersey brought by plaintiff Ventures Trust 2013 I-H-R by MCM Capital Partners, LLC, its Trustee ("Ventures Trust"), against Manuel and Aida Pinto with respect to their residential property in Hillside, New Jersey. After the state court granted summary judgment to

Ventures Trust, but before final judgment was entered, the Pintos removed the action to this Court under Civil Action No. 16-6232 (the "First Action"). Shortly after the removal, the Pintos filed a second action in this Court under Civil Action No. 16-7647 (the "Second Action"). The Second Action is identical to the Pintos' counterclaims in the state court action against several lending institutions that once held an interest in the mortgage at issue, which claims were dismissed on summary judgment by the Superior Court.

The Pintos' adversaries now move for the following relief: (1) in the First Action, Ventures Trust moves to remand the First Action back to the Superior Court of New Jersey for completion of the foreclosure proceeding (ECF No. 3); and (2) defendants in the Second Action move to dismiss that action pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) (ECF No. 20).[1] United States District Judge Susan D. Wigenton referred these motions to the undersigned for a Report and Recommendation. For the reasons set forth below, the Court respectfully recommends that both motions be **GRANTED**.[2]

## BACKGROUND

Ventures Trust commenced a mortgage foreclosure action against Manuel and Aida Pinto in July 2015 in the Superior Court of New Jersey, Union County, Chancery Division. (ECF No. 3-1, Exh. A ("Compl.")). The Pintos, in 2006, had executed a Note to Mortgage Electronic Registration Systems, Inc. ("MERS"), a nominee of American Fidelity Mortgage, in the amount of $348,750, which was secured by a mortgage on their residential property in Hillside, New Jersey. (*Id.* ¶¶ 1-2). They allegedly defaulted on their obligations in 2009, and the rights in the

---

[1] Unless indicated otherwise, all ECF citations are to the lead docket number, ECF No. 16-6232. Citations to the exhibits attached to the Certification of Evan M. Goldman (ECF No. 3-1), other than to the foreclosure complaint, refer to the .pdf pagination of that document.
[2] These motions were decided without oral argument pursuant to Fed. R. Civ. P. 78(b).

mortgage were eventually assigned to Ventures Trust. (*Id.* ¶¶ 4a-b, 5a).

The Pintos answered the foreclosure complaint *pro se* on October 7, 2015, contesting Ventures Trust's right to foreclose. (ECF No. 3-1 at 21 (Answer)). With their Answer, the Pintos also filed a "Verified Counterclaim" against several counterclaim defendants, all of whom allegedly had at one time held an interest in the mortgage. (*See* Compl. ¶ 4 (providing the history of the mortgage)). These counterclaim defendants were named as "BOA of America, N.A., a BOA; BAC Home Loan Servicing; Mortgage Electronic Registration Systems; American Fidelity Mortgage; Countrywide Home Loans, Inc. and Doe Insurance Company." (ECF No. 3-1 at 26 (Counterclaim)). The Counterclaim asserts nine causes of action against these defendants relating to the Pintos' alleged default of their obligations under the Note, including claims for negligence, declaratory judgment, specific performance to order a novation, accounting, breach of contract, violation of the Fair Debt Collection Practices Act and the New Jersey Fair Debt Collection Acts, for injunctive relief enjoining any foreclosure sale, fraud and deceit, and to quiet title. (*Id.* at 26-39).

On May 5, 2016, the Superior Court granted summary judgment to Ventures Trust against the Pintos and struck the Pintos' answer, affirmative defenses and counterclaims with prejudice. (ECF No. 3-1 at 50-51 (May 2016 Order)). In the same Order, the court permitted Ventures Trust to proceed to Judgment through the Office of Foreclosure as an uncontested matter. (*Id.* at 51).

The Pintos, represented by counsel, moved for reconsideration of the May 5, 2016 Order. The court denied the motion in June 2016. (ECF No. 3-1 at 73 (June 2016 Order)).

On September 19, 2016, Ventures Trust moved for entry of final judgment. (ECF No. 3-1 at 75-77 (Notice of Mot.)). Approximately a week later, on September 30, 2016, the Pintos, proceeding *pro se*, removed the First Action to this Court. (ECF No. 1). On October 6, 2016,

Ventures Trust moved to remand the First Action. (ECF No. 3).

Two weeks later, on October 20, 2016, the Pintos filed the Second Action. (16-cv-7647, ECF No. 1). The Complaint in the Second Action is virtually a verbatim copy of the counterclaims in the state court action that were dismissed with prejudice in May 2016. (*Compare id. with* 16-CV-6232, ECF No. 3-1 at 26-39).[3] The defendants in the Second Action moved to dismiss that action on various grounds in December 2016.[4] The Pintos did not timely oppose that motion.

In January 2017, the Court consolidated the First and Second Actions for all purposes because they relate to the same issues of fact and law. (ECF No. 6). Both motions are now pending under the lead docket number of the First Action.

## DISCUSSION

### I. The Motion to Remand The First Action

Ventures Trust moves to remand the First Action as untimely removed under 28 U.S.C. § 1446(b). (ECF No. 3-2). In the alternative, it argues that remand for lack of subject matter jurisdiction is required under the *Rooker-Feldman* doctrine, on the grounds that the Pintos are effectively requesting that the Court overturn the state court's summary judgment order. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Ventures Trust further contends that the Pintos' claims are barred by the doctrine of issue preclusion. The Pintos oppose. (ECF Nos. 8, 11).[5]

---

[3] One difference between the state court counterclaims and the Second Action is the addition of Ventures Trust as a defendant in the latter. As Ventures Trust was never served with process in the Second Action, however (ECF No. 16 at 5 n.2), the Court need not address its addition here as a defendant on those claims.

[4] Meanwhile, despite the action ostensibly having been removed to this Court, the state court entered final judgment in the foreclosure action on November 23, 2016. (ECF No. 16-1, Exh. A).

[5] In light of the Pintos' *pro se* status, the Court denies Ventures Trust's request that the Pintos' second opposition be stricken (ECF No. 18). To the extent the Pintos requested a 60-day

4

The Court first addresses Ventures Trust's motion to remand on the grounds of untimely removal. On a motion to remand, the removing party bears the burden to demonstrate that the case is properly before this Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party must file a notice of removal to the district court within 30 days after the defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Courts have interpreted this phrase to mean that the time to remove does not commence until the defendant has been served with the complaint or waives service. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009). The 30-day period is "mandatory" and the Court cannot extend it. *See, e.g., Galvanek v. AT & T, Inc.*, Civ. A. No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007). Failure to remove within the prescribed period requires remand, provided the procedural defect is raised within 30 days of removal. *See* 28 U.S.C. § 1447(c); *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010).

Here, the Pintos missed the deadline for removal by nearly a *year*. The Pintos filed their answer in the state court action on October 7, 2015, demonstrating that service was effected on or before that date.[6] As Ventures Trust points out in their timely filed motion to remand, the Pintos'

---

stay of the foreclosure action in their opposition papers (ECF No. 8), that request is moot because more than 60 days have elapsed since the request was made.

[6] After having difficulty effecting personal service of the Summons and the Complaint on the Pintos, Ventures Trust served process by ordinary and certified mail, return receipt requested.

filing of a notice of removal more than 11 months later, in September 2016, requires remand of this action to state court pursuant to § 1446(b).

While the Pintos concede that they did not file the notice of removal within 30 days of receiving the complaint (ECF No. 17 at 6-7), they argue that the deadline for removal of an action based on diversity jurisdiction under § 1446(c)(1) is one year from the filing of an initial pleading. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ."). The Pintos are incorrect. First, the statute applies only to cases basing jurisdiction on diversity of citizenship, and this case could not be based on diversity jurisdiction because the Pintos are forum defendants for whom removal on the basis of diversity is unavailable under 28 U.S.C. § 1441(b)(2). Second, the Pintos misinterpret § 1446(c)(1) as modifying the 30-day removal deadline, which it does not. Rather, § 1446(c)(1) provides that even if the case could not have been removed as stated in the initial pleading, but an *amended* pleading reveals a diversity of citizenship, a defendant may *not* remove based on that amended pleading more than one year after the state court action commenced. 28 U.S.C. §§ 1446(b)(3), (c)(1). It does *not* provide that a defendant may remove based on diversity of citizenship at any time within one year of receiving the operative pleading.[7]

As the removal of this action by the Pintos was far outside the 30-day deadline for removal, remand of the First Action is appropriate.[8] Therefore, the Court need not reach Ventures Trust's

---

(ECF No. 1-1, at 17-18, Certification of Sherry Greerer ¶¶ 2-8). This service became effective when the Pintos filed an Answer. *See* N.J. Ct. R. 4:4-4(c). The Pintos do not contend otherwise.

[7] The Pintos also argue that this case should remain in this Court, regardless of whether removal was timely, by virtue of its relationship to the Second Action. (ECF No. 14 at 6). This argument is patently incorrect for numerous reasons, including because, as discussed *infra*, the Second Action should be dismissed as barred by claim preclusion and the New Jersey Entire Controversy Doctrine.

[8] The briefing leaves uncertain what remains to be litigated in the state court action, given that final judgment apparently was entered there in November 2016. Nevertheless, as Ventures

alternative grounds for remand.

## II. The Motion to Dismiss The Second Action

In the Second Action, Bank of America, N.A. ("BANA"), BAC Home Loans Servicing, Countrywide Home Loans, LP, and MERS[9] move to dismiss the Pintos' complaint in the Second Action under Rule 12(b)(1). They argue that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine because the Second Action would require the Court to re-adjudicate the issues already litigated and decided by the Superior Court in its order granting summary judgment. (ECF No. 20-1 at 7). In the alternative, they move for dismissal of the Second Action under 12(b)(6), as barred by the doctrines of claim preclusion, issue preclusion, and New Jersey's Entire Controversy Doctrine ("ECD"). The movants argue that these doctrines apply because the Pintos are attempting to relitigate the counterclaims they raised in the foreclosure action that were dismissed with prejudice on summary judgment. (*Id.* at 8-12).[10] The Pintos did not timely oppose the motion.[11]

The Court does not recommend dismissal of the Pintos' complaint for lack of jurisdiction

---

Trust continued to seek remand after informing this Court that final judgment had been entered in the state court (see ECF No. 16-1), the Court assumes that further proceedings are required in state court to complete the foreclosure.

[9]   Ventures Trust did not join in the motion to dismiss because it was never served. *See supra* note 3. American Fidelity never appeared in the Second Action and the Pintos never filed proof of service as to them, either.

[10]   BANA and the other movants also request Rule 12(b)(6) dismissal on the ground that the Pintos did not assert cognizable causes of action, (ECF No. 20-1 at 12-23), but the Court need not reach this argument because the Second Action is barred by claim preclusion and the ECD.

[11]   After the motion to dismiss in the Second Action was re-filed at the Court's direction in the First Action due to the consolidation of the actions (which took place after the Pintos' time to oppose the motion expired), the Pintos filed an opposition to the motion to dismiss on March 9, 2017. (ECF No. 24). The Pintos tardily filed this opposition despite the Court's prior order explaining that the refiling of the unopposed motion to dismiss in the consolidated action would not commence a new briefing schedule on the motion. (ECF No. 22). Regardless, the Court has reviewed the opposition, and the Pintos' additional arguments in their untimely opposition brief would not have altered the analysis in this Report and Recommendation.

under Rule 12(b)(1). *Rooker-Feldman* does not apply here because the state court had not yet entered final judgment when both actions were commenced in this Court (in September and October 2016 respectively), and a final judgment is required for the doctrine to apply. Instead, the Court recommends that the motion to dismiss the Second Action under Rule 12(b)(6) should be granted, on the grounds that the Pintos' complaint, which reasserts identical claims to those they asserted as counterclaims in the mortgage foreclosure proceeding against the same parties, is barred by claim preclusion and the ECD.

### A. Standards on a Motion to Dismiss

Defendants move initially for dismissal under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction over the Second Action. "Rule 12(b)(1) governs jurisdictional challenges to a complaint. These may be either facial or factual attacks." *Fraize v. Gov't Nat'l Mortg. Ass'n*, Civ. A. No. 14-7152 (KM), 2016 WL 958392, at *2 (D.N.J. Mar. 14, 2016); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). The plaintiff bears the burden of persuasion to demonstrate that jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999).

Alternatively, defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), on multiple grounds. On such motions the defendant bears the burden of showing that the plaintiff failed to state a cognizable claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court "must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff." *Farah v. Lasalle Bank Nat'l Ass'n*, Civ. A. No. 15-cv-2602 (KM), 2016 WL 1162644, at *5 (D.N.J. Mar. 23, 2016) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). Furthermore, because

Pintos are proceeding *pro se*, the Court construes their submissions liberally. *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

Defendants here attach records from the state court foreclosure proceeding, upon which they rely in connection with both motions. Courts have held that records of a state foreclosure proceeding like the ones relied on here, which are "intrinsic to the complaint," may be considered "without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment." *Farah*, 2016 WL 1162644, at *6. Furthermore, the Court may take judicial notice of public opinions and filings in other courts. *See, e.g., Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Accordingly, the Court may consider the state foreclosure records in the context of the facial challenges discussed below.

### B. The *Rooker-Feldman* Doctrine

Because defendants' *Rooker-Feldman* ground for dismissal concerns subject matter jurisdiction, the Court turns to that issue first.

The *Rooker-Feldman* doctrine does not apply here. *Rooker-Feldman* is a jurisdictional doctrine that bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005). The doctrine has four essential prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered *before the federal suit was filed*; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (emphasis added) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

9

Here, application of the doctrine fails on the third factor. The complaint in the Second Action was filed in October 2016, before the state court entered final judgment in November 2016. The movants argue that *Rooker-Feldman* applies because the state court entered its summary judgment order before the Pintos filed the Second Action, which resolved the substantive issues that the Pintos raised as counterclaims in the foreclosure action. (ECF No. 20-1 at 7). This argument misconstrues the *Rooker-Feldman* doctrine, which prevents federal courts "from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (internal quotation marks omitted). An order granting summary judgment in a mortgage foreclosure proceeding that determines the right to foreclose is not a final judgment for purposes of applying the *Rooker-Feldman* doctrine. *See, e.g., Martinez v. Bank of America, N.A.*, 664 F. App'x 250, 253 n.4 (3d Cir. 2016) (*per curiam*); *Chambers v. Wells Fargo Bank, N.A.*, Civ. A. No. 15-6976 (JBS/JS), 2016 WL 3533998, at *3 n.4 (D.N.J. June 28, 2016); *cf. Farah*, 2016 WL 1162644, at *7 ("[T]he final judgment, for purposes of *Rooker-Feldman*, is not the summary judgment rendering the foreclosure uncontested, but the actual judgment of foreclosure."). For *Rooker-Feldman* to apply, the "federal plaintiff [must] be seeking direct review of a state court 'judgment' entered 'before the federal suit was filed.'" *Martinez*, 664 F. App'x at 253 n.4 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 166). Because that is not the case here given that final judgment had not yet been entered when the Pintos filed the Second Action, the *Rooker-Feldman* doctrine does not deprive the Court of subject matter jurisdiction over the Second Action.

C. Claim Preclusion and the New Jersey Entire Controversy Doctrine

Notwithstanding the above, the Court concludes that dismissal of the Second Action under

Federal Rule of Civil Procedure 12(b)(6) is warranted as barred by claim preclusion and the ECD.[12]

Claim preclusion (or res judicata) is a doctrine that bars a party from asserting claims that were already brought, or could have been brought, in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). The Court looks to New Jersey law to determine the preclusive effect of the Superior Court foreclosure judgment. 28 U.S.C. § 1738 (2017); *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999).

Under both New Jersey and federal common law, claim preclusion applies when three requirements are met: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (1991); *see also In re Mullarkey*, 536 F.3d at 225. The New Jersey ECD is "New Jersey's specific, and idiosyncratic, application of traditional [claim preclusion] principles," *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *see also Ricketti v. Barry*, 775 F.3d 611, 613-14 (3d Cir. 2015) (discussing the history and current applications of the New Jersey ECD); N.J. Ct. R. 4:30A, 4:5-1(b). It bars any subsequent claim raised in federal court that could have been joined but was not raised in the state court action. *Fraize*, 2016 WL 958392, at *7. The ECD is "is wider in scope than" claim preclusion, with which it shares the three requirements provided above. *Martinez*, 664 F. App'x at 253.

All three factors of claim preclusion, and thus the ECD, are satisfied here. First, the state

---

[12] While the doctrine of claim preclusion is typically considered an affirmative defense, *see* Fed. R. Civ. P. 8(c), the Third Circuit has held that claim preclusion may also be raised in a motion to dismiss under Rule 12(b)(6), *see Lewis v. O'Donnell*, No. 16-2820, --- F. App'x ----, 2017 WL 35711, at *2 (3d Cir. Jan. 4, 2017).

11

court granted summary judgment in favor of Ventures Trust in May 2016 and entered a final judgment in November 2016. Although the final judgment was not entered until after the Pintos initiated these actions, that does not prohibit application of claim preclusion or the ECD. *See Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) ("The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." (internal quotation marks omitted)); *see also Martinez*, 664 Fed. App'x at 254 (applying same reasoning to bar second-filed action under the ECD). Second, the Pintos' complaint in the Second Action names as defendants the same parties, or those in privity with them, that were involved in the state court foreclosure proceeding. And third, the complaint asserts the same exact claims that the Pintos asserted as counterclaims in the state foreclosure action. *See Martinez*, 664 F. App'x at 254; *Francis v. TD Bank, N.A.*, Civ. A. No. 12-7753 (RBK), 2013 WL 4675398, at *2 (D.N.J. Aug. 30, 2013). Accordingly, the Pintos' attempt to relitigate those claims should be barred.

In light of the foregoing, there is no need to reach the moving defendants' alternative grounds for dismissal under Rule 12(b)(6). The Rule 12(b)(6) motions should be granted on the grounds of claim preclusion and the ECD.

## CONCLUSION

For the above reasons, this Court recommends that (1) civil actions 16-6232 and 16-7647 be deconsolidated to effect different dispositions of each of the consolidated actions; (2) the motion to remand civil action 16-6232 be **GRANTED** on the grounds that the notice of removal was untimely; and (3) the motion to dismiss civil action 16-7647 under Rule 12(b)(6) on claim preclusion and ECD grounds be **GRANTED**.

Dated: March 16, 2017

*[signature]*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:   Clerk of the Court
    cc:   Hon. Susan D. Wigenton, U.S.D.J.
        All Parties