NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 7, 2017

Manuel A. Pinto
Aida C. Pinto
10 King St.
Hillside, NJ 07205
*Plaintiffs Pro Se*

Eric P. Kelner, Esq.
Evan M. Goldman, Esq.
Hill Wallack LLP
21 Rozel Road
Princeton, NJ 08540

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:  Ventures Trust 2013 I-H-R by MCM Capital Partners, LLC Its Trustee v. Pinto
Civil Action No. 16-6232 (SDW) (LDW)

Litigants:

Before this Court is Plaintiffs' Motion for Reconsideration of this Court's April 12, 2017 Amended Order adopting the Report and Recommendations ("R&R") of Magistrate Judge Leda D. Wettre deconsolidating civil actions 16-6232 and 16-7647, remanding civil action 16-6232, and dismissing civil action 16-7647. (Dkt. Nos. 25, 29.)

This Court having considered the submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

## DISCUSSION

A.  Standard of Review

Motions for reconsideration are governed by Local Civil Rule 7.1(i) and must be filed within fourteen (14) days "after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. CIV. R. 7.1(i). Rule 7.1(i) requires the moving party to file a brief "setting forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." *Id.* A motion for reconsideration is only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

      B. The Motion For Reconsideration is Untimely And The April 12, 2017 Order Was Not Clearly Erroneous or Contrary to Law

This Court's Order dismissing Plaintiff's Complaint was entered on April 12, 2017. Plaintiff's motion for reconsideration was received on May 23, 2017, over a month after the Order was entered. Therefore, Plaintiff's motion is untimely. Further, this Court's April 12th Order and the underlying R&R clearly identified and applied the proper legal standards for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for a motion to remand, and for deconsolidation of the two underlying civil actions. Plaintiff does not identify any intervening change in the relevant law. Plaintiff has not pointed to new evidence that was unavailable at the time this Court entered its decision. Plaintiff also fails to demonstrate the existence of an error of fact or law that, if left uncorrected, would result in manifest injustice.

Accordingly, Plaintiff's Motion for Reconsideration of this Court's April 12, 2017 Order will be **DENIED**.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's April 12, 2017 Order is **DENIED**. An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____

                                                  SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.